## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE: 19-CV-22799-GAYLES

Sybil Harris, as Personal Representative of the )
Estate of Jamar Edward Rollins Sr., deceased, and on )
Behalf of all beneficiaries, )
    Plaintiffs )
 )
Vs. )
 )
MIAMI-DADE COUNTY (State Law Count) )
Detective Andrew Garcia - Individual Capacity )
Detective Jesus Coto - Individual Capacity )
    Defendants

## AMENDED COMPLAINT AND JURY DEMAND

This is a civil rights action in which Plaintiff seeks relief for the violation of rights secured by 42 USC 1983, 1988, and the Fourth Amendment to the United States Constitution, the Florida Constitution and Florida state law.

1. The claims arose on or about December 30, 2016 from an incident where the above captioned Defendants, Detectives Andrew Garcia and Detective Jesus Coto, from the Miami-Dade County Police Department; hereinafter, (MDCPD), acting under color of state law statutes, ordinances, regulations, policies, customs and usages of Miami-Dade County, who intentionally and willfully subjected Jamar Rollins to assault, battery, excessive force, death and intentional infliction of emotional distress for the decedent's family members.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. 1983, the, Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of Florida. Jurisdiction of this Court is also predicated on 28 U.S.C. §1331 and the supplemental jurisdiction of this court under 28 U.S.C. §1367(a), and 28 U.S.C. §1988.

3. The amount in controversy exceeds $75,000 excluding interest and costs.

## VENUE

4. Venue is proper in the Southern District of Florida because the incident that gave rise to this action occurred in the West Perrine neighborhood located in Miami-Dade County Florida and the officers that are responsible for the constitutional violations work within the boundaries of the Southern District of Florida.

## PARTIES

5. Plaintiff, **Sybil Harris,** is the mother of, Jamar Edward Rollins Sr., and is duly appointed Personal Representative of the ESTATE OF JAMAR EDWARD ROLLINS Sr.

6. At all times material, **JAMAR ROLLINS**, deceased, was a 21 year-old male, resident of Miami-Dade County, Florida and a citizen of the United States of America and was unmarried at the time of the events giving rise to this action.

7. As Personal Representative of the Estate of Rollins, deceased, Plaintiff **SYBIL HARRIS**, brings this action on behalf of the following survivors of Rollins:

    a. (JER, III a minor), lineal descendent, natural born child of the decedent.
    b. Sybil Harris, lineal descendent, mother of decedent.
    c. James Edward Rollins Sr., lineal decedent, father of the decedent.

8. Defendant, **MIAMI-DADE COUNTY,** is a political subdivision of the State of Florida, duly organized and existing under Florida law and at all times relevant to this complaint employed Detectives Andrew Garcia and Jesus Coto.

9. Defendant, **Detective Andrew Garcia**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Detective for the Miami Dade-County Police Department is being sued in his individual capacity.

10. Defendant, **Detective Jesus Coto**, at all times relevant hereto and in all actions described herein, was acting under color of law working in the capacity of Detective for the Miami Dade-County Police Department is being sued in his individual capacity.

## **STATEMENT OF FACTS**

11. All information is being taken directly from a public record request obtained from the Miami-Dade State Attorney Office's Close-Out Memo #20181t28134r3326 3, public records request and the Miami-Dade Medical Examiner's Report.

12. On or about December 30, 2016 at approximately 6:40 p.m., Defendants were operating under color of state law as Detectives with the Miami-Dade County Police Department, in an unmarked vehicle without uniforms, and in an undercover capacity.

13. The Defendants were patrolling the West Perrine neighborhood located in Miami-Dade County, Florida with his partner Detective Coto when they attempted to initiate a traffic stop on Jamar Rollins by activating their red and blue visor lights.

14. The Defendants claimed that a passenger in the subject vehicle later to be identified as (Devin Smith) leaned out of the car while it was still moving and pointed a firearm at their vehicle.

15. According to police reports Devin Smith then defied the laws of physics by jumping out of the moving vehicle and fleeing on foot.

16. One version of the facts are that Detective Garcia chased Smith while Detective Coto remained in the unmarked police vehicle.

17. In another police report it states that **both** officers got out of their vehicle where Detective Coto initiated pursuit of the passenger and Detective Garcia advanced toward the passenger door of Rollins vehicle.

18. Detective Coto reports that he observed Detective Garcia look inside the open passenger's side door of the Rollins vehicle.

19. Detective Garcia reports that he saw Jamar Rollins with a weapon in hand and that he shot him multiple while he was still in the vehicle resulting in his death.

20. There are witnesses that give conflicting stories as to how and where Rollins was shot and killed by Detective Garcia.

## WITNESSES

21. Nine witnesses stated that they saw the incident and when Detective Garcia commanded Rollins to place his hands out of the window, he complied.

22. When Detective Garcia asked Rollins to get out of his vehicle he complied and put his hands up, and that's when Garcia shot Rollins six times.

23. Witness (M.S.) stated that the officer that got out of an unmarked police vehicle shot Jamar Rollins in the street while he had his hands up.

24. Witness (T.M.) stated that he saw a white Camry chasing behind his friend's car at a high rate of speed and then the officer jumped out and asked Rollins to put his hands out of the car window.

25. Witness (T.M.) further stated that Rollins got out of the vehicle with his hands up and the officer then shot Rollins one time with a Taser and then began shooting Rollins five times with his handgun. (T.M.) stated that he knew Rollins and never saw him with a gun.

26. Witness (L.T.) stated that she could hear someone yell "GET OUT OF THE FUCKING CAR" then Rollins used his left hand and got out of the car and faced the officer with both hands above his head and then witnessed the officer shoot Rollins five of six times.

27. Witness (T.R.) stated that he saw a white police vehicle pull up behind a black car when he saw a person run up the passenger's side of the black vehicle and immediately after heard rapid gunfire and then the officer left him on the ground to die.

28. Witness (K.R.) stated that he saw Jamar come down the street with the police behind him when the police told him to get out of the car and to put his hands up. When Jamar got out of the car the police shot him for no reason with a Taser and then started shooting him with his handgun. Witness (K.R.) stated that other people started yelling why did you shoot him for no reason?

29. Witness (C.J.) stated that he saw where Rollins was pulled over by a police car an unmarked car when the officer demanded that Rollins to get out of the car. Rollins got out of the car with his hands up. (C.J.) said that he heard shots fired and the officer walked away never looking back to see if Rollins was alive or dead.

30. Witness (C.J.) stated that an officer pulled Rollins over and jumped out of the car and came up to the passenger's side of the vehicle ordering Rollins to get out of the car when he immediately opened fire on Rollins. (C.J.) stated that Rollins was shot five or six times.

31. Witness (D.W.) stated that Rollins was ordered out of the car and he complied and when he exited the vehicle the officer pulled out his gun and she heard shots ring out and Rollins fell dead in the street. Witness (D.W.) stated that she overheard one of the officer on the scene say that they needed to find a gun.

32. There is no dash-cam footage from the unmarked police vehicle that recorded the shootings that resulted in Jamar Rollins Death.

33. There is no body-cam footage from Detective Garcia that was placed into evidence that recorded the shootings that resulted in Jamar Rollins Death.

34. There is no body-cam footage from Detective Coto that was placed into evidence that recorded the shootings that resulted in Jamar Rollins Death.

35. The only undisputed evidence that Plaintiff has in the above captioned case is the body of the decedent, Jamar Rollins.

## AUTOPSY FINDINGS OF JAMAR ROLLINS

36. The first finding was a penetrating gunshot wound of the right arm and neck, the gunshot wound injury of the right subclavian vein.

37. The second autopsy finding was two penetrating gunshot wounds of the right arm and chest constituting a fracture of the right humerus, bilateral hemothoraces and gunshot wound injuries of the lungs, esophagus and led mainstem bronchus.

38. The third autopsy finding was a perforating gunshot wound to the right forearm; a fracture of the right ulna.

39. The fourth autopsy finding was a perforating gunshot wound of the abdomen, hemoperitoneum; gunshot wound injuries of cecum, small intestine, and intestinal mesentery.

40. The fifth autopsy finding was a perforating gunshot wound to the left thigh,

41. The sixth autopsy finding was a gunshot wound to the left thigh.

42. According to police reports, Rollins, with all of his gunshot wounds somehow exited his vehicle, and managed to throw a handgun across the street, before collapsing and succumbing to his injuries where he was pronounced dead at the scene.

## **PERIMITER SEARCH**

43. During the perimeter search for the passenger that fled on foot, later identified as (Devin Smith), led to an open door of an unoccupied duplex located at 10140 W Indigo St.

44. Homicide investigators obtained Consent to Search from the occupant even though it was pointed out in paragraph 38, that it was unoccupied but somehow they found three semi-automatic handguns located in two bedrooms of the residence.

45. A records search revealed all three handguns were reported stolen during separate incidents in Miami-Dade and Broward County

46. The following weapons were discovered during the investigation:  (IR # 34) 1. Silver/black handgun Kimber Eclipse Ultra II45 caliber SAI 146477, a Black Glock 26.9 mm Sn WUD829, Black Glock 23, 40 caliber SAI NBZ552, Black Glock 19 Gen 4,9mm SAWU4I7.

47. All firearms were processed and examined for presence of latent prints but no latent prints of value were developed.

48. DNA Laboratory Analysis - Glock 19 Gen 4 - a mixture of DNA profiles consisting of 3 contributors were obtained from the grip. Could not support an inference of inclusion or exclusion when comparing the DNA profile with the standards of Jamar Edward Rollins.

49. A mixture of DNA profiles consisting of 3 contributors were obtained from the front sights excluded Jamar Edward Rollin as a possible contributor of the mixture of DNA profiles obtained. (IR # 21).

50. The Miami-Dade County State Attorney submits that Detective Garcia declined to provide a sworn statement or proffer and statements from witnesses do not clearly establish the Detective's reasons for shooting.

51. The Miami-Dade State Attorney concluded that they did not have sufficient evidence to determine whether Detective Garcia was legally justified in the use of deadly force by firing his weapon.

52. Given the circumstances the Miami-Dade County State attorney's Office concluded that they could not in good faith proceed with criminal charges against Detective Garcia.

## **INDIVIDUAL CAPACITY**

53. Plaintiffs seek to impose individual liability upon Defendant officer for actions taken under color of state law which cause the deprivation of Plaintiffs' Federal Rights.

54. The officers were carrying out law enforcement functions, was on duty, wearing police uniforms, used police equipment; squad cars, handcuffs, badges, claimed to be officers, and carried out the arrest.

55. Defendant's actions violated Plaintiffs' Fourth Amendment right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause.

56. The conduct of the Defendant Officers violated clearly established law including but not limited to the following: assault, battery, excessive force, failure to intervene wrongful death and violation of equal protection of the law violations.

## QUALIFIED IMMUNITY

57. The Defendants in this case are not eligible for Qualified Immunity because they were not performing discretionary functions and their conduct violated "clearly established statutory and constitutional rights of which a reasonable officers would have known at the time that their actions were taken.

58. Detective Garcia's act was so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing.

59. Qualified immunity is not available to Detective Garcia because the aforementioned conduct described herein violates clearly established statutory and constitutional rights of which reasonable officers would have known at the time that their actions were taken.

60. Detective Garcia's actions were tantamount to criminal behavior: assault, battery, wrongful death and intentional infliction of emotional distress for his family.  His behavior was plainly incompetent while knowingly violating federal and state law.

## NOTICE OF CLAIM

61. Within the time period outlined by Florida Law, Plaintiff filed written notice of the claim with the Florida Office of Professional Responsibility, the Mayor of Miami-Dade County.

62. This matter has not been settled or otherwise been disposed of and a copy of the notices will accompany this complaint.

## CONDITIONS PRECEDENT

63. All conditions precedent has been performed or has occurred.  Notices have been sent to  Department of Financial Responsibility in Tallahassee, Florida and to the Miami-Dade County Mayor in an attempt to resolve this claim to no avail and has forced Plaintiff to file this action seeking relief and damages.

# COUNT ONE
# VIOLATION OF Civil Rights While Acting
# Under Color of Law 42 U.S.C. 1983 Wrongful Death
# DETECTIVE ANDREW GARCIA

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-63 above and incorporates same herein by reference.**

64. On or about December 30, 2016, **Detective Andrew Garcia** was employed by Miami-Dade County when he was riding in an unmarked police vehicle when a traffic stop was initiated on Jamar Rollins, now deceased as a result of Detective Garcia's actions.

65. Detective Garcia was acting under color of state law when he violated Rollins rights under the Fourth and Fourteenth Amendment as guaranteed by the United States Constitution.

66. Detective Garcia's actions are unreasonable because of the nature of Rollins infraction as he was pulled over for failing to make a complete stop at a stop sign which is only punishable by a fine and court costs.

67. There was a passenger in Rollins vehicle later identified as Devin Smith that jumped out of the vehicle while it was still moving and fled on foot.

68. According to the police reports, Jamar Rollins remained in his vehicle in the driver's seat when Detective Garcia came up on the passenger's side of the car and claimed that he saw Rollins with a handgun and shot him six times.

69. There was no weapon found at the scene that could be linked to Jamar Rollins through finger prints or DNA analysis and in one test Rollins was excluded altogether from having that weapon.

## EYE WITNESS ACCOUNT OF THE INCIDENT

70. At least nine witnesses reported that the police report is not a true depiction of the events that took place resulting in Rollins death.

71. Nine witnesses will testify that Rollins, was seated in his vehicle when Detective Garcia instructed him to put both of his hands outside of the window of his vehicle and he complied.

9

72. Rollins was then ordered to get out of his vehicle and to hold his hands up and Rollins complied.

73. For no apparent reason Detective Garcia immediately fired multiple shots at Rollins six time in his upper and lower body which resulted in his death.

74. Again although there was some weapon located in a searched area none of the weapons could be matched to Rollins by finger print or DNA analysis and in one case Rollins was excluded from handling the weapon.

75. The acts and conduct by **<u>Detective Andrew Garcia's</u>** was clearly unreasonable and the direct and proximate cause of serious injuries including death to Rollins.

76. **<u>Detective Andrew Garcia's</u>** actions were reckless and wanting in care as to constitute a flagrant disregard of human life, human rights and safety of the deceased, Jamar Rollins.

77. Detective Garcia's actions are tantamount to him playing the roles of judge, jury and executioner in the shooting death of Rollins.

78. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

79. As a result of **<u>Detective Andrew Garcia's</u>** total disregard for the life of the decedent, Jamar Rollins, Plaintiffs are seeking damages outlined in the prayer for relief of this complaint.

## <u>COUNT TWO</u><br><u>STATE LAW CLAIM RESPONDENT SUPERIOR</u><br><u>MIAMI-DADE COUNTY</u>

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-63 above and incorporates same herein by reference.**

80. On or about December 16, 2016 Detective Garcia was employed by Miami-Dade County operating under color of state law as a Detective at the Miami-Dade County Police Department.

81. The conduct of Detectives Garcia occurred in West Perrine neighborhood located in Miami-Dade County Florida where he was employed as a police officer.

82. Detective Garcia's conduct was activated in part by a purpose to serve Miami-Dade County as a street patrol officer on the day in question.

83. Defendant's conduct is activated at least in part by a purpose to serve Miami-Dade County which was to monitor street crime and traffic within the County.

84. Detective Andrew Garcia was riding with Detective Jesus Coto when they initiated a traffic stop of Jamar Rollins, now deceased as a direct result of actions of the aforementioned officers.

85. Jamar Rollins could not have been sure that he was being stopped by police officers because Detective Garcia and Detective Coto were riding in an unmarked police vehicle when the stop was initiated.

86. When the Detectives signaled Jamar Rollins to pull over, a passenger later identified as Devin Smith allegedly exited the vehicle while it was still moving and fled on foot.

87. Detective Garcia and or Detective Coto gave chase without apprehending Smith who turned himself in at a later time.

88. Detective Garcia came to the back of Jamar Rollins' vehicle where he was in seated in the driver's seat and behind the steering wheel.

89. At least nine witnesses heard Detective Garcia order Rollins to put his hands outside of the window in which Rollins complied.

90. The same witnesses will testify that Detective Garcia ordered Rollins out of his vehicle; again Rollins complied and at all times before the shooting had his hands raised in the air signaling a surrender.

91. The same witnesses will testify that without provocation and for no apparent reason, Detective Garcia shot Rollins six times hitting him in the upper and lower body which resulted in his death.

92. At least one witness will testify that after Detective Garcia shot and killed Rollins he walked away and never looked back to see if Rollins was alive or dead.

93. Detective Coto is the only other individual that stated that he saw Jamar Rollins possess a weapon.

94. After Rollins was shot six times Detective Coto stated that he saw the decedent throw a gun across the street as he exited his vehicle, and then he fell to the ground where he succumbed to his wounds.

95. Although there was some weapon located in a searched area none of the weapons could be matched to Rollins by finger print or DNA analysis and in one case Rollins was excluded altogether from handling the weapon.

96. A substantive due process violations exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

97. Detective Garcia's actions are tantamount to him playing Judge, Jury and executioner in the shooting death of Rollins.

98. As a result of **Andrew Garcia's** total disregard for the life of the decedent Jamar Rollins, Plaintiffs will be seeking damages as outlined in the prayer for relief in this complaint.

# COUNT THREE
# FAILURE TO INTERVENE 42 USC 1983
# DETECTIVE COTO

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-63 above and incorporates same herein by reference.**

99. Plaintiffs filing this count against defendant, Jesus Coto as he is partly and directly responsible for his actions while he was employed with Miami-Dade Police Department.

100. As Police Detective, Jesus Coto, had a duty to intervene when his fellow officer, Detective Garcia violated Plaintiffs clearly established constitutional rights including but not limited to assault, battery, excessive force, all leading to Rollins death.

101. Detective Jesus Coto claims in his statement that he remained in his unmarked police vehicle and watched and at all times was in voice and visual contact with the Detective Garcia.

102. Jesus Coto had time and a duty to intervene and stop Detective Garcia from violating Jamar Rollins clearly established constitutional rights but failed to do so.

103. As a direct result of Detective Coto's inaction, Jamar Rollins is dead leaving behind his mother, father and minor child.

104. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

105. As a result of **Detective Andrew Garcia and Jesus Coto's** total disregard for the life of the decedent, Jamar Rollins, Plaintiffs will be seeking damages as outlined in the prayer for relief of this complaint.

## COUNT FOUR
## VIOLATION OF Civil Rights While Acting
## STATE CLAIM WRONGFUL DEATH
## DETECTIVE ANDREW GARCIA

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-63 above and incorporates same herein by reference.**

106. On or about December 30, 2016, **Detective Andrew Garcia** was employed by Miami-Dade County when he was riding in an unmarked police vehicle when a traffic stop was initiated on Jamar Rollins, now deceased as a result of Detective Garcia's actions.

107. Detective Garcia was acting under color of state law when he violated Rollins rights under the Fourth and Fourteenth Amendment guaranteed by the United States Constitution.

108. Detective Garcia's actions are unreasonable because Rollins was pulled over for failing to make a complete stop at a stop sign which is only an infraction punishable by a fine and court costs.

109. There was a passenger in Rollins vehicle later identified as Devin Smith that jumped out of the vehicle while it was still moving and fled on foot.

110. According to the police reports, Jamar Rollins remained in his vehicle in the driver's seat when Detective Garcia came up on the passenger's side of the car and claimed that he saw Rollins with a handgun and shot him six times.

111. There was no weapon found at the scene that could be linked to Jamar Rollins through finger prints or DNA analysis and in one test Rollins was excluded altogether.

## EYE WITNESS ACCOUNT OF THE INCIDENT

112. At least nine witnesses reported that the police report is not a true depiction of the events that took place resulting in Rollins death.

113. Nine witnesses will testify that Rollins, was seated in his vehicle when Detective Garcia instructed him to put both of his hands outside of the window of his vehicle and he complied.

14

114. Rollins was then ordered to get out of his vehicle and to hold his hands up and that is when Detective Garcia fired multiple shots at Rollins hitting major organs resulting in his death.

115. Although there was some weapon located in a searched area none of the weapons could be matched to Rollins by finger print or DNA analysis and in one case Rollins was excluded from handling the weapon.

116. The acts and conduct by **Detective Andrew Garcia's** was clearly unreasonable and the direct and proximate cause of serious injuries including death to Rollins.

117. **Detective Andrew Garcia's** actions were reckless and wanting in care as to constitute a flagrant disregard of human life, human rights, safety of the deceased, Jamar Rollins.

118. Detective Garcia's actions are tantamount to him playing the roles of judge, jury and executioner in the shooting death of Rollins.

119. A substantive due process violation exists where rights are violated no matter what process precedes, accompanies, or follows the unconstitutional action.

120. As a result of **Detective Andrew Garcia's** total disregard for the life of the victim Jamar Rollins, Plaintiffs are seeking damages outlined in the prayer for relief of this complaint.

## COUNT FIVE
## BATTERY
## DETECTIVE ANDREW GARCIA

**Plaintiff re-alleges the allegations set forth in Paragraphs 1-63 above and incorporates same herein by reference.**

121. There is no evidence that the vehicle that when Detective Coto and Detective Garcia pulled Rollins over in had a dash cam or if they wore body cams that filmed the shooting death of Jamar Rollins.

122. Defendant made an offensive contact with Rollins when he made offensive contact shooting him multiple times during a traffic stop made in the capacity as an undercover officer with the Miami-Dade County Police Department.

123. Detective Garcia committed acts intending to cause grave harm to Jamal Rollins when he shot him six times striking him in the upper and lower body causing damage to major damage resulting in his death.

124. Rollins succumbed to his injuries as a result of being shot by Detective Garcia leaving behind lineal descendants: a mother, father, and minor child under the age of seven years old.

125. As a result of **Detective Andrew Garcia's** total disregard for the life of the decedent, Jamar Rollins, Plaintiffs will be seeking damages outlined in the prayer for relief in this complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for the following relief:

a. Judgment for compensatory damages in excess of $75,000 dollars
b. Attorney fees pursuant to 42 U.S.C. 1988
c. Cost of Suit
d. Compensatory damages
e. Consequential damages
f. Damages for pain and suffering
g. Embarrassment and humiliation
h. Funeral expenses
i. Loss of capacity for enjoyment of life
j. Mental anguish
k. Punitive damages against Detectives Garcia and Coto
l. Such other relief as this Honorable Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have e-filed this amended complaint to the clerk of court and to Defendants' attorney's at their designated e-mail addresses listed this August 24, 2020.

Respectfully submitted by,

*/s/Gregory D. Curtis Esq.*
Gregory D. Curtis Esq.
17325 N.W. 27th
Avenue Suite 103
Miami Gardens, Florida 33056
Florida Bar No.: 0492108
Tel: (305) 622 9199
Fax: (305) 622 9129
Florida Bar # 0492108
curtislegalgroup@aol.com