UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:19-cv-22799-GAYLES

**SYBIL HARRIS, as Personal Representative
of the Estate of Jamar Edward Rollins**,

    Plaintiff,

v.

**MIAMI-DADE COUNTY**, *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants', Miami-Dade County and Jesus Coto, Motion to Dismiss Counts I and IV of the Fourth Amended Complaint (the "Motion") [ECF No. 102]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is granted.

**I.     BACKGROUND**[1]

On December 30, 2016, at approximately 6:40 p.m., Detectives Andrew Garcia and Jesus Coto of the Miami-Dade County Police Department were patrolling the West Perrine neighborhood in Miami-Dade County, Florida, in an unmarked vehicle. Detectives Garcia and Coto activated their red and blue visor lights and attempted to initiate a traffic stop on Jamar Rollins for failing to make a complete stop at a stop sign. A passenger in the vehicle, Devin Smith, leaned out of the car while it was still moving and pointed a firearm at the detectives' vehicle. Smith then jumped out of the moving vehicle and fled on foot.

---

[1] As the Court is proceeding on a Motion to Dismiss, it takes Plaintiff's allegations in the Fourth Amended Complaint, [ECF No. 101], as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

One report indicates that Detective Garcia subsequently chased Smith while Detective Coto remained in the unmarked police vehicle. Yet, another report states that both officers got out of their vehicle where Detective Coto initiated pursuit of the passenger and Detective Garcia advanced toward the passenger door of Rollins' vehicle. Detective Coto reports that he observed Detective Garcia look inside the open passenger's side door of Rollins' vehicle. Detective Garcia claims he saw Rollins with a handgun, despite multiple eyewitness accounts that Rollins did not have a gun. Detective Garcia shot Rollins multiple times while Rollins was still in the vehicle. Multiple eyewitness accounts state that Detective Garcia shot Rollins after he complied with the detective's order to exit the vehicle. Rollins (hereafter "Decedent") was pronounced dead at the scene.

Plaintiff, Decedent's mother and appointed personal representative, initiated this action on December 27, 2018, in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. On July 8, 2019, the defendants removed this action to this Court pursuant to federal question jurisdiction. [ECF No. 1]. On October 12, 2021, Plaintiff filed her Fourth Amended Complaint[2] (the "Complaint") against Miami-Dade County, Detective Coto, and Detective Garcia. [ECF No. 101]. As to Miami-Dade County and Detective Coto, Plaintiff brings two counts: (1) a 42 U.S.C. § 1983 claim against Miami-Dade County under municipal liability theory (Count I); and (2) a 42 U.S.C. § 1983 claim for failure to intervene against Detective Coto (Count IV). In response, Defendants Miami-Dade County and Detective Coto filed the instant Motion requesting that Counts I and IV be dismissed with prejudice. [ECF No. 102].

---

[2] The Complaint is titled "Fourth Amended Complaint", but this is only Plaintiff's third amended complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The pleadings are construed broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). On a motion to dismiss, the court need not determine whether the plaintiff "will ultimately prevail . . . but whether [her] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 562 U.S. 521, 530 (2011).

## III. DISCUSSION

Relevant here, the Court previously dismissed Plaintiff's same claims against Miami-Dade County and Detective Coto. [ECF No. 92]. Specifically, the Court found that (1) the § 1983 claim against Miami-Dade County did not sufficiently allege the existence of a custom or practice; and (2) the § 1983 claim against Detective Coto did not sufficiently allege that he had the opportunity to intervene.

### A. Count I Against Miami-Dade County

Plaintiff sues Miami-Dade County under 42 U.S.C. § 1983 for depriving Decedent's constitutional rights pursuant to a governmental policy. Under § 1983, any person under the color of law may be liable for any deprivation of constitutional rights. 42 U.S.C. § 1983. Ordinarily, a municipality or local government may not be sued under § 1983 for injuries inflicted by its

employees. *Monell v. Dep't of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). However, the law provides an exception when the injury inflicted is the result of a government custom or practice. *Id.* To impose § 1983 liability against a municipality, Plaintiff "must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). "Because a [municipality] rarely will have an officially adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the [municipality] has a custom or practice of permitting the constitutional violation and that the [municipality's] custom or practice is the moving force behind any alleged constitutional violation." *McGirt v. Broward Coll.*, No. 15-cv-62324, 2016 WL 6138043, at *4 (S.D. Fla. Oct. 21, 2016) (quotations omitted). Furthermore, the plaintiff must show that a final policymaker for the municipality adopted the official policy or endorsed the unofficial policy. *Williams v. Miami-Dade County*, 859 F. Supp. 2d 1297, 1301–02 (S.D. Fla. 2012), *affirmed in relevant part*, 516 F. App'x 899, 900 (11th Cir. 2013).

"'[I]dentification of policymaking officials is a question of state law,' and 'a federal court would not be justified in assuming that municipal policymaking authority lies somewhere other than where the applicable law purports to put it.'" *Blue v. Miami-Dade Cnty, Fla.*, No. 10-23599-CIV, 2011 WL 1099263, at *3 (S.D. Fla. June 15, 2011) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988)) (modification in original). Here, Plaintiff simply alleges that the "Miami-Dade State Attorney is the authorizing decision maker" for Miami-Dade County with no factual allegations to lend support. [ECF No. 101 at ¶ 69]. But "[t]his Court has repeatedly stated that final policymaking authority for Miami-Dade County resides in the Board of County

Commissioners or the County Manager."[3] *Blue*, 2011 WL 1099263, at *3. And Plaintiff does not alternatively allege that the Miami-Dade State Attorney was delegated final policymaking authority. Therefore, Count I is dismissed.

### B. Count IV Against Detective Coto

Plaintiff asserts a claim under § 1983 against Detective Coto for failure to intervene. Defendants claim that Detective Coto is entitled to qualified immunity. Courts apply a two-part test to determine whether a government official is entitled to qualified immunity. *Harbert Int'l v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). First, the government official "must prove that the allegedly unconstitutional conduct occurred while he was acting within the scope of his discretionary authority." *Id.* Next, the burden shifts to the plaintiff to show that the government official's conduct violated a clearly established statutory or constitutional right. *Id.* Here, Plaintiff alleges, and Defendants agree, that Detective Coto was acting within the scope of his duties as an officer. *See* [ECF No. 101 ¶ 10]; [ECF No. 102 at 12]. Thus, the burden shifts to Plaintiff.

Once again, Plaintiff's Complaint fails to sufficiently allege that Detective Coto had time, or a reasonable opportunity, to intervene and was in a position to do so. *See Marantes v. Miami-Dade Cty.*, 649 F. App'x 665, 672 (11th Cir. 2016) ("[P]laintiff must show that the non-intervening officer was in a position to intervene yet failed to do so."). Plaintiff's conclusory allegations that Detective Coto was in the vicinity of and could see Detective Garcia and Decedent fail to suffice. And Plaintiff does not sufficiently allege that Detective Coto could have anticipated the shooting. *Id.* (affirming dismissal of failure to intervene claim because neither the officer holding the plaintiff down nor the officer watching the incident had time to intervene and prevent another

---

[3] Defendants state that the Mayor, not the County Manager, now has final policymaking authority. [ECF No. 102 at 7]. In *Blue*, the Court noted the same representation and declined to decide whether an amendment made that change as it was unnecessary to the ruling. 2011 WL 1099263, at *3 n.3. The same is true here.

officer's rapid, successive kicking). *Cf. Riley v. Newton*, 94 F.3d 632, 635 ("[Officer] observed no use of excessive force which might have given rise to a duty to intervene to stop it, nor did he have an indication of the prospective use of excessive force–none occurred until Newton's weapon fired."). Accordingly, Count IV is dismissed.

### IV. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Counts I and IV of the Fourth Amended Complaint, [ECF No. 102], is **GRANTED**.

2. Counts I and IV are **DISMISSED with prejudice.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE